**CAPITAL PROPERTIES, INC.**

v.

**STATE.**

**No. 97–329–Appeal.**

Supreme Court of Rhode Island.

April 17, 1998.

Gerald John Petros, Providence.

**ORDER**

This case came before the Supreme Court on April 8, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be summarily decided. The defendant, the State of Rhode Island, Department of Transportation, appealed from a Superior Court judgment that awarded damages to the plaintiff, Capital Properties, Inc. (CPI), for the state's condemnation in 1987 of three lots that the plaintiff owned. After hearing the arguments of counsel for the parties and reviewing their memoranda, we conclude that cause has not been shown, and therefore the case will be decided at this time.

In 1987, the state took by condemnation portions of three lots owned by CPI in downtown Providence, Rhode Island, as part of the redevelopment effort known as the Capital Center Project. The state paid CPI $2,599,051 for the condemned property. CPI disputed the state's valuation of the land taken, and a nonjury trial was held on the matter. This Court sustained CPI's appeal from the judgment entered following the first trial and remanded the case for a new trial. *Capital Properties, Inc. v. State,* 636 A.2d 319 (R.I.1994). At the conclusion of the second trial, a justice of the Superior Court found that the fair market value of the condemned property was $8,700,000 and entered judgment in favor of CPI for $6,100,949 plus interest and costs.

The state filed a post-trial motion to join the City of Providence (city) as a party de-

fendant. In filing its motion, the state argued that the Superior Court should consider two contracts and a deed that were executed by the parties and the city and that the state alleged would affect the outcome of any judgment entered. The terms of these alleged contracts provided that the city and the state would bear equally any judgment entered in favor of CPI. Moreover, CPI had allegedly agreed that it would forego enforcement of any judgment against the state in exchange for the state's conveyance to CPI of land designated as "parcel 9." The trial justice denied the state's post-trial motion, and the state appealed.

Although it initially appealed the trial justice's valuation of the condemned property, the state conceded at oral argument before this Court that the trial justice's valuation of the property and consequent assessment of damages were not clearly erroneous. Thus, the only question remaining in dispute between the parties is the issue of the alleged contractual obligations—among the state, CPI, and the city—relating to the satisfaction of any judgment in this case. The merits of this issue, however, were never properly before the Superior Court, and we decline to review them at this time.

Accordingly, we deny and dismiss this appeal and sustain the trial justice without prejudice to any party's seeking to enforce any contractual obligations that may be implicated by the enforcement of the judgment. The papers in the case may be returned to the Superior Court.

BOURCIER, J., did not participate.