726 A.2d 12 (1998)
CAPITAL PROPERTIES, INC.
v.
STATE of Rhode Island.
No. 98-394-Appeal.
Supreme Court of Rhode Island.
December 3, 1998.
Gerald John Petros, Providence.
Joseph S. Larisa, Jr.; Philip W. Noel, Charles J. McGovern, Providence, Eugene Coulter, Newport, James R. Lee, Providence.

ORDER
This case came before a panel of the Supreme Court on November 17, 1998, pursuant to an order directing the parties to show cause why the issues raised by this appeal should not be decided summarily. The State of Rhode Island, Department of Transportation (state) has appealed from a judgment of mandamus, directing the state to pay damages to Capital Properties, Inc. (CPI) in compensation for property condemned by the state in 1987 during the Providence River relocation project. After hearing the arguments of counsel for the parties and reviewing their memoranda, we conclude that cause has not been shown. Therefore, the appeal will be decided at this time.
On April 17, 1998, this Court issued an order (714 A.2d 617, 1998 WL 294101) affirming a Superior Court award of damages to CPI. The state refused to appropriate the funds for payment, but instead argued that the order allowed the payment to be stayed until the state's "post-judgment defenses" were heard. These defenses rested on two alleged contractual agreements the state made at the time of the condemnation: one with the City of Providence (city) and one with CPI. The state's contract with the city purportedly required that one-half of any damage award would be paid by the city. The agreement with CPI reportedly allowed the state to transfer a parcel of land (parcel 9) to CPI in lieu of payment for the other half of the damage award. At oral argument, neither party disputed that the state had delivered a deed for parcel 9 to CPI.[1] The trial justice denied the state's post-trial motion to assert pending claims as set-off defenses to the damage award because a judgment on damages had already entered.
As we pointed out in our order of April 17, 1998, the issue of any alleged contractual agreements among the state, CPI, and the city in respect to satisfaction of any judgment was never before the trial justice at the time the damage award was made. The state is currently litigating these putative contractual obligations in proceedings in the Superior Court to which the Presiding Justice has assigned Justice Needham.
A final judgment on damages having been entered, it is appropriate and timely, in our opinion, that the state's post-judgment defenses now be addressed in the Superior Court. Accordingly, we defer further consideration of this appeal pending resolution of these remaining issues, and we remand this case to Justice Needham with our direction to consolidate, hear, and decide all claims and defenses, including, but not limited to, title to parcel 9, alleged unpaid taxes owed by CPI to the city, any agreements between the city and the state, and any further unresolved claims between the parties. We further direct that this case take immediate preference on the calendar of Justice Needham.
WEISBERGER, C.J., and GOLDBERG, J., did not participate.
NOTES
[1] The city allegedly has challenged the validity of the title transferred to CPI and recalculated taxes owed by CPI during its ownership of the property.